**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **SCOTT BLOOD,** ) | |
| ) | |
| **Plaintiff / Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **MEGA HEALTH & LIFE** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| **Respondent / Defendant.** ) | |

## PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that Respondent Mega Health & Life Insurance Company

("Mega Health"), hereby removes to this Court the state court action described below.  The basis

for removal, as described below, is that the Plaintiff's state law claims are preempted by the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C §§ 1001

et seq.

1.      The plaintiff Scott Blood alleges that two health insurance policies

were purchased from Mega Health.

2.      The plaintiff further alleges that the first policy was purchased for himself on July

25, 2005 and premiums in the amount of $747.20 were subsequently paid to Mega Health.

3.      The plaintiff alleges that the second policy was purchased for the plaintiff's

employee Brad Goodreau on September 27, 2005 and premiums in the amount of $694.40 were

subsequently paid to Mega Health.

4.      The plaintiff further alleges that he did not receive an Identification Card or a

Certificate of Coverage to which he was entitled under the health insurance policy within the
prescribed 10-day free look period contained in the policy.

5.      The plaintiff alleges that he did not receive the Identification Card or the
Certificate of Coverage until December 5, 2005.

6.      The plaintiff further alleges that because he did not receive in a timely manner an
Identification Card or a Certificate of Coverage pursuant to the policy that was purchased, he is
entitled to a refund of the premiums paid in an amount equal to $1441.60.

7.      All of the plaintiff's state law causes of action fall squarely within the civil
enforcement provision of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides for civil actions by
a plan "participant" or "beneficiary" (or his assignee), inter alia, "to enforce his rights under the
terms of [a] plan, or to clarify his right to future benefits under the terms of a plan." The fact that
the plaintiff has not styled his claims as ones for benefits arising under ERISA is of no
consequence to the Court's jurisdiction over this matter.  Courts have continually held that
Congress "may so completely preempt a particular area that any complaint arising in that area is
"necessarily federal in character"." Fitzgerald v. Codex Corp., 882 F.2d 586, 587 (1st Cir. 1989)
(citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542 (1987)); See also
Turner v. Fallon Community Health Plan, 127 F.3d 196 (1st Cir. 1997) (plaintiff's breach of
contract and other common law claims were preempted because they fell within ERISA's
exclusive civil enforcement regime).

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331
and 29 U.S.C. §§ 1001 et seq.  This action may be removed to this Court pursuant to 28 U.S.C.
§§ 1441 et seq., because it is founded on claims or rights arising under the laws of the United
States, namely ERISA.  Although the plaintiff asserts claim(s) based on state law causes of

action for breach of contract, in this instance ERISA completely preempts such claim(s).  In

Aetna Health Inc. v. Davila, __ U.S. __, 124 S. Ct. 2488, 2499-500 (June 21, 2004), the United

States Supreme Court held that a defendant may remove a state cause of action to federal court if

the cause of action falls within the scope of ERISA's civil enforcement provision, 502(a)

(codified as 29 U.S.C. § 1132(a)).  If this criteria is satisfied, the plaintiff's state law claims are

automatically converted into "federal claims for purposes of the well-pleaded complaint rule."

Id. at 2496.

      9.      This District embraces the Small Claims Complaint to which Mega Health is a

party.

      10.      No trial has occurred in the Small Claims Complaint.

      11.      The Small Claims Complaint does not fall within any class of actions which,

under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

      12.      This Notice of Removal is being filed within thirty days of the first day upon

which it was first ascertained that the Small Claims Complaint is one which is or has become

removable pursuant to 28 U.S.C. § 1446(b).

      13.      A true copy of the Small Claims Complaint filed is attached hereto as Exhibit A.

      14.      The Notice of Filing of this Petition for Removal of Action to Federal Court has

been sent to the Hampton District Court, with Service upon all parties and is attached hereto as

Exhibit B.

      15.      Mega Health reserves the right to raise all defenses and objections in this action

after the action is removed to this Court.

**RESPONDENT/DEFENDANT**

**THE MEGA HEALTH & LIFE
INSURANCE COMPANY**

By its attorneys,

/s/ Elizabeth C. Sackett
Elizabeth C. Sackett (NH Bar # 15885)
Lee M. Holland (NH Bar # 15586)
**ROBINSON & COLE LLP**
One Boston Place; 25th Floor
Boston, MA  02108-4404
(617) 557-5900

Dated:  June 28, 2006

<u>**CERTIFICATION**</u>

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on this 28th day of June, 2006 to the following:

Scott Blood
P.O. Box 188
Hampton Falls, NH 03844

/s/ Elizabeth C. Sackett
Elizabeth C. Sackett